**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6991**

JOHN G. WESTINE,

Petitioner - Appellant,

v.

WARDEN, FMC Butner,

Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:19-hc-02014-FL)

Submitted:  April 9, 2020                                    Decided:  June 9, 2020

Before DIAZ, FLOYD, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John G. Westine, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John G. Westine, a federal prisoner, appeals the district court's order denying relief on his 28 U.S.C. § 2241 petition in which he sought to challenge his convictions and sentence by way of the savings clause in 28 U.S.C. § 2255. Pursuant to § 2255(e), a prisoner may challenge his conviction or sentence via a traditional writ of habeas corpus pursuant to § 2241 if a motion under § 2255 would be inadequate or ineffective to test the legality of his detention.

> [Section] 2255 is inadequate and ineffective to test the legality of a *sentence* when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018) (emphasis added).

> [Section] 2255 is inadequate and ineffective to test the legality of a *conviction* when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (emphasis added).

We have reviewed the record and find that Westine's claim meets neither the *Wheeler* test nor the *Jones* test. Accordingly, we deny Westine's motion to expedite, grant leave to proceed in forma pauperis, and affirm for the reasons stated by the district court. *Westine v. Warden*, No. 5:19-hc-02014-FL (E.D.N.C. June 24, 2019). We dispense with

2

oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*